[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff brings this action by way of an amended complaint seeking damages resulting from the purchase of a used motor vehicle from the defendant.
The plaintiff purchased a 1988 Ford Bronco XLT with approximately 79,000 miles of usage from the defendant. The defendant provided a warranty on the vehicle of thirty days or CT Page 7010 1,500 miles. In addition, the plaintiff purchased an extended warranty for an additional one year.
The vehicle was taken through the motor vehicle department's inspection program without any problems indicated.
Although the plaintiff in purchasing the vehicle knew that the motor vehicle had traveled 79,000 miles and was six years old, nonetheless, he did not feel it was necessary to have it checked out by a mechanic. He did, however, protect himself by buying an extended warranty insurance policy in addition to the 30-day, 1,500-mile warranty provided by the defendant.
In about two months, the plaintiff had major difficulties with the motor. This was repaired under the extended warranty. Subsequently, he had further difficulty when the driveshaft developed problems that also affected the transmission. The extended warranty paid for the repair of the driveshaft but refused to pay for the transmission repairs. Several months later, the motor vehicle required the installation of new brakes.
In all of these repairs, some aspects of the costs were paid by the defendant and/or the extended warranty carrier, but a substantial portion was not paid. The plaintiff paid some or portions of these bills which the extended warranty carrier declined to pay. The plaintiff now seeks to recover his out-of-pocket costs for these repairs from the defendant who sold the motor vehicle to him contending, in his amended complaint, that the defendant represented to the plaintiff that the motor vehicle was in mint condition; that this was a misrepresentation of the actual condition of the vehicle and thus was a deceptive practice in violation of the Connecticut Trade Practices Act, Conn. Gen. Stat. § 42-110g.
The court finds that the defendant, in describing the vehicle as being in mint condition, was using an uncertain, ambiguous term that at best could mean the vehicle was in a good condition for a six-year-old vehicle, driven 79,000 miles. The plaintiff certainly did not accept this description by the defendant at its face value since he decided to protect his investment in the vehicle by buying an extended warranty to provide for those defects that were likely to occur in a motor vehicle of the age and condition that this vehicle's history indicated.
There was a definite indication by the defendant as to the CT Page 7011 condition and reliability of the vehicle by the very limited warranty it provided; i.e., 30 days, 1,500 miles.
Therefore, the court finds that the defendant made no misrepresentations about the vehicle to the plaintiff that the plaintiff relied upon to his detriment. He knew the age and condition of the vehicle. He knew that such a vehicle might develop problems. He protected himself as to these problems by purchasing the extended warranty. After the defendant 30-day, 1,500-mile warranty expired and the extended warranty went into effect, the problems complained of by the plaintiff developed. As to these problems the provider of the extended warranty, for whatever reason, partially paid the repair costs, or in the case of the transmission, refused to pay any of this cost. There has been no showing by the plaintiff that the defendant is in any way liable for this difference in repair costs paid by the extended warranty provider and the actual billed costs. These costs were incurred by the plaintiff after the period of defendant's warranty and during the period for which the plaintiff purchased the extended warranty coverage.
Thus, the defendant was not responsible to the plaintiff for these unreimbursed costs of repair.
Therefore, judgment may enter for the defendant on the plaintiffs amended complaint.
Kremski, J.T.R.